UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ABILENE MUSIC, INC. and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., Plaintiffs, - against - PENUCHE'S, INC. and TODD TOUSLEY, Defendants. | Civil Action No. **COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, defendant Penuche's, Inc. ("Penuche's") is a corporation organized under the laws of the State of New Hampshire with a principal place of business located at 184 Talbot Hill Road, Swanzey, New Hampshire 03431.

6. At all times hereinafter mentioned, Penuche's did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Penuche's Ale House (the "Ale House"), located at 4 Canal Street, Nashua, New Hampshire 03064.

7. Musical compositions were and are publicly performed at the Ale House.

8. On information and belief, defendant Todd Tousley ("Tousley" and, together with Penuche's, "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Tousley was, and still is, president, and/or director of Penuche's.

10. At all times hereinafter mentioned, Tousley was, and still is, responsible for the control, management, operation and maintenance of the affairs of Penuche's.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Ale House, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Ale House.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF**
**PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since November 2023, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the Ale House. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

17. Defendants have refused all of ASCAP's license offers for the Ale House.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Ale House constitute copyright infringement of ASCAP's members' copyrights in their musical works.

19. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at the Ale House, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

20. The many unauthorized performances at the Ale House include the three copyrighted musical compositions upon which this action is based.

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. The original musical composition involved in cause of action one was registered as unpublished works on the dates state in Column 5, and since the date of registration, has been printed and published in conformity with Title 17 of the United States Code.

23. The original musical composition involved in cause of action two and three were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. The composition named in cause of action one is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7. The date and identification number of the renewal certificate are set forth in Column 8.

26. Defendants, on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition

named in Column 3 by giving public performances of the compositions at the Ale House, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at the Ale House of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. In the undertaking conduct complained of in this action, Defendants knowingly and intentionally violated plaintiffs' rights.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

30. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any musical composition in the ASCAP repertory, and from causing or permitting the said compositions, or any musical composition in the ASCAP repertory, to be publicly performed at the Ale House, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than One Hundred Fifty Thousand Dollars ($150,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

Respectfully submitted,

**ABILENE MUSIC, INC., and W CHAPPELL MUSIC CORP., d/b/a WC MUSIC CORP.,**

By their Attorneys,

**RANSMEIER & SPELLMAN P.C.**

Dated: October 14, 2025

By: */s/ Griffin M. Kmon*

Griffin M. Kmon (NH Bar #274224)
One Capitol Street | P.O. Box 600
Concord, NH 03302-0600
603-228-0477
gkmon@ranspell.com

4915-0321-5985, v. 1