UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

-------------------------------------------------------- X
ABILENE MUSIC, INC. and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.,

Plaintiffs,

v.

PENUCHE'S, INC. and TODD TOUSLEY,

Defendants.
--------------------------------------------------------X

Case No.: 1:25-cv-00402-PB-AJ

**ANSWER OF CORPORATE DEFENDANT ONLY**
**AFFRMATIVE DEFENSES**

NOW COMES, Defendant Penuche's, Inc. by and through counsel McGrath Law Firm, PA, and hereby files this Answer of Corporate Defendant only with Affirmative Defenses and Request for Jury Trial. In support thereof, we provide as follows:

1. Defendant Penuche's, Inc. admits the allegations contained in paragraph 1 of the Plaintiffs' Complaint.

2. Defendant Penuche's, Inc. admits the allegations contained in paragraph 2 of the Plaintiffs' Complaint.

3. Defendant Penuche's, Inc. is unable to confirm or deny the allegations contained in paragraph 3 of the Plaintiffs' Complaint.

## THE PARTIES

4. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Plaintiffs' Complaint.

5. Defendant Penuche's, Inc. admits the allegations contained in paragraph 5 of the Plaintiffs' Complaint.

6. Defendant Penuche's, Inc. admits the allegations contained in paragraph 6 of the Plaintiffs' Complaint.

7. Defendant Penuche's, Inc. denies the allegations contained in paragraph 7 of the Plaintiffs' Complaint.

8. Defendant Penuche's, Inc. admits the allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9. Defendant Penuche's, Inc. admits the allegations contained in paragraph 9 of the Plaintiffs' Complaint.

10. Defendant Penuche's, Inc. admits the allegations contained in paragraph 10 of the Plaintiffs' Complaint.

11. Defendant Penuche's, Inc. admits the allegations contained in paragraph 11 of the Plaintiffs' Complaint.

12. Defendant Penuche's, Inc. denies the allegations contained in paragraph 12 of the Plaintiffs' Complaint.

**FACTS SPECIFIC TO DEFENDANT PENUCHE'S INC.'S INFRINGEMENT OF PLAINTIFFS' COPRYIGHTED MUSICAL COMPOSITIONS**

13. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Plaintiffs' Complaint.

14. Defendant Penuche's, Inc. purposefully omit a response to this answer as there is no paragraph

14 in Plaintiffs' Complaint to respond to.

15. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Plaintiffs' Complaint.

16. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Plaintiffs' Complaint.

17. Defendant Penuche's, Inc. denies the allegations contained in paragraph 17 of the Plaintiffs' Complaint.

18. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Plaintiffs' Complaint.

19. Defendant Penuche's, Inc. denies the allegations contained in paragraph 19 of the Plaintiffs' Complaint.

20. Defendant Penuche's, Inc. denies the allegations contained in paragraph 20 of the Plaintiffs' Complaint.

21. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Plaintiffs' Complaint.

22. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Plaintiffs' Complaint.

23. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Plaintiffs' Complaint.

24. Defendant Penuche's, Inc. is unable to admit or deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Plaintiffs' Complaint.

25. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Plaintiffs' Complaint, and accordingly deny same.

26. Defendant Penuche's, Inc. denies the allegations contained in paragraph 26 of the Plaintiffs' Complaint.

27. Defendant Penuche's, Inc. denies the allegations contained in paragraph 27 of the Plaintiffs' Complaint.

28. Defendant Penuche's, Inc. denies the allegations contained in paragraph 28 of the Plaintiffs' Complaint.

29. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Plaintiffs' Complaint, and accordingly deny same.

30. Defendant Penuche's, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Plaintiffs' Complaint, and accordingly deny same.

BY WAY OF FURTHER ANSWER, DEFENDANTS PENUCHE'S, INC. DENIES ALL PLAINTIFFS' CLAIMS AND HEREBY PROVIDE THE FOLLOWING BRIEF STATEMENT OF AFFIRMATIVE DEFENSES:

**AS AND FOR A FIRST AND AFFIRMATIVE DEFENSE**
**(EXEMPTION)**

Plaintiffs' claim fails due to the exemption for a license with the Defendants. Among other things, there is an exemption for bars and restaurants for less than 3,750 ft. of that play music from

a radio or TV, not from a CD, MP3 or iPod and for a certain number of loud speakers and Defendants' customers are not charged a direct fee nor cover charge etc.

**AS AND FOR A SECOND AND AFFIRMATIVE DEFENSE**
**(NON-SPECIFIC ALLEGATIONS)**

Plaintiffs' claim fails as it fails to satisfy the statutory requirement for a specific dates times and what was played in context of specific music played at the Defendants' location and time certain. The Complaint fails because the Defendants only play music seasonally one day a week at certain times of the year *etc.*

**AS AND FOR A THIRD AND AFFIRMATIVE DEFENSE**
**(UNCLEAN HANDS)**

The Plaintiffs' claims are barred by the doctrine of unclean hands.

**AS AND FOR A FOURTH AND AFFIRMATIVE DEFENSE**
**(ILLEGALITY)**

The Defendants are informed and believe that the Plaintiffs' conduct occurred by some illegal means, and that, due to such illegality, the Plaintiffs' claims are barred.

**AS AND FOR A FIFTH AND AFFIRMATIVE DEFENSE**
**(FAILURE TO MITIGATE)**

The Plaintiffs' claims are barred or should be reduced accordingly based on their failure to mitigate damages.

**AS AND FOR A SIXTH AND AFFIRMATIVE DEFENSE**
**(FAIR COMPETITION)**

The Plaintiffs' claims are barred due to the Defendant's acts falling under the privilege of fair competition.

**AS AND FOR A SEVENTH AND AFFIRMATIVE DEFENSE**
**(SET-OFF / OFF-SET / RECOUPMENT)**

If the Defendant is found liable to the Plaintiffs, then any damages should be reduced accordingly by the doctrines of set-off, offset, or recoupment.

**AS AND FOR AN EIGHTH AND AFFIRMATIVE DEFENSE**
**(ASSUMPTION OF RISK)**

The Plaintiffs' claims are barred by the doctrine of assumption of risk.

**AS AND FOR A NINTH AND AFFIRMATIVE DEFENSE**
**(UNDUE INFLUENCE)**

The Plaintiffs' claims are barred by the doctrine of Undue Influence.

**AS AND FOR A TENTH AND AFFIRMATIVE DEFENSE**
**(DURESS)**

The Plaintiffs' claims are barred by the doctrine of Duress.

**AS AND FOR AN ELEVENTH AND AFFIRMATIVE DEFENSE**
**(INCAPACITY)**

The Plaintiffs' claims are barred by the doctrine of Incapacity.

**AS AND FOR A TWELTH AND AFFIRMATIVE DEFENSE**
**(CONTRIBUTORY NEGLIGENCE)**

The Plaintiffs' negligence and carelessness contributed to or was a substantial factor in causing the damages alleged and Plaintiffs' overall misconduct bars recovery against the Defendants.

**AS AND FOR A THIRTEENTH AND AFFIRMATIVE DEFENSE**
**(FRAUD)**

The Plaintiffs' claims are barred by the Doctrine of Fraud.

**AS AND FOR A FOURTEENTH AND AFFIRMATIVE DEFENSE**
**(RELEASE)**

The Plaintiffs, by their actions, released Defendant from any claims they now seek to assert in this action.

**AS AND FOR A FIFTEENTH AND AFFIRMATIVE DEFENSE**
**(WAIVER)**

The Plaintiffs, by their actions, have waived any claims against Defendant they now seek to assert in this action.

**AS AND FOR A SIXTEENTH AND AFFIRMATIVE DEFENSE**
**(ESTOPPEL)**

Plaintiffs, by their actions, are equitably stopped from seeking relief against the Defendant.

**AS AND FOR A SEVENTEENTH AND AFFIRMATIVE DEFENSE**
**(DAMAGES ARE INCORRECT/VOID)**

Defendant does not charge for admission or for cover charge. Defendant only has live music on rare occasions, during the summer season, on Sundays. Music is outdoors with a limited capacity. Defendant has a small outdoor deck with limited capacity. Accordingly, the calculation of damages and liability is incorrect and void.

**AS AND FOR AN EIGHTEENTH AND AFFIRMATIVE DEFENSE (DEFENDANTS INABILITY TO PAY FOR DAMAGES THAT ARE INCORRECT/VOID)**

Defendant does not have an ability to pay. The calculation number legit damages claimed by the Plaintiffs are entirely unfounded.

**AS AND FOR A NINETEENTH AND AFFIRMATIVE DEFENSE (DEFENDANTS AGREED TO OBTAIN LICENSE)**

Defendant agrees to obtain the license requested by the plaintiff.

**AS AND FOR A TWENTIETH AND AFFIRMATIVE DEFENSE (BUSINESS EXCEPTED FROM COPYRIGHT CLAIMS)**

Defendant's business fits into the exceptions of the copyright claims and the claims do not apply to the Defendant in this matter.

WHEREFORE, Defendants Penuche's, Inc., respectfully request that this Court issue an Order:

A. Dismissing the Complaint in the above-captioned action against both Defendants;

B. Schedule a hearing; and

C. Granting such other and further relief as this Court deems just.

Dated: December 18, 2025

McGRATH LAW FIRM, P.A.
Counsel for Defendants Penuche's, Inc. and Todd Tousley

By: /s/ Peter G. McGrath
Peter G. McGrath/5564
3 North Spring Street, Suite 201
Concord, NH 03301
Phone: (603) 224-7111
Email: pmcgrath@mcgrathlawfirm.com

CERTIFICATE OF SERVICE

I certify that a copy of the within document has this day been filed upon all counsel and parties of record via ECF in accordance with US District Court Rules for the District of New Hampshire.

Griffin M. Kmon, Esq.
Ransmeier & Spellman, PC
One Capitol Street
PO Box 600
Concord, NH 03302-0600
Email: gkmon@ranspell.com

Dated: December 18, 2025

/s/ Peter G. McGrath
Peter G. McGrath