UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

--------------------------------------------------------- X
ABILENE MUSIC, INC. and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.,

Plaintiffs,

v.

PENUCHE'S, INC. and TODD TOUSLEY,

Defendants.
---------------------------------------------------------X

Case No.: 1:25-cv-00402-PB-AJ

**MOTION TO DISMISS**
**DEFENDANT TODD TOUSLEY**

NOW COMES, Defendant Todd Tousley, by and through counsel McGrath Law Firm, PA, and hereby files this Motion to Dismiss. In support thereof, we provide as follows:

**I. INTRODUCTION**

Plaintiffs asserts multiple claims against Todd Tousley, individually, arising from infringement of alleged copyrighted musical compositions. Plaintiff broadly alleges that the individual Mr. Tousley is personally liable for the claims against the corporate entity. However, these claims are legally insufficient as to Mr. Tousley individually and must be dismissed. There is no basis for individual liability in this matter.

**II. STATEMENT OF THE CASE**

In New Hampshire the law generally recognizes a corporation as a separate legal entity from its owners, officers, and shareholders. Under RSA 293-A:6.22, a shareholder is not personally liable for the acts or debts of the corporation unless otherwise provided in the articles of incorporation.

## III. STANDARD OF REVIEW

1. In ruling on a motion to dismiss, this court determines "whether the Petitioner's allegations are reasonably susceptible of a construction that would permit recovery." Harrington v. Brooks Drugs, 148 NH 101, 104 (2002). The court assumes the truth of the Petitioner's well-pleaded allegations of fact and construe all reasonable inferences in the light most favorable to the Petitioner. See, e.g., Hacking v. Town of Belmont, 143 NH 546, 549 (1999). However, the court need not accept allegations in the complaint that are merely conclusions of law. See, e.g., Konefal v. Hollis/Brookline Coop. Sch. Dist., 143 NH 256, 258 (1998). The court "must rigorously scrutinize the pleading to determine whether, on its face, it asserts a cause of action." Jay Edwards, Inc. v. Baker, 130 NH 41, 44 (1987).

2. In deciding a motion to dismiss, "[t]he trial court may also consider documents attached to the Petitioner's pleadings, or documents the authenticity of which are not disputed by the parties … official public records … or … documents sufficiently referred to in the complaint." Beane v. Dana S. Bean & Co., 160 NH 708, 711 (2010) (quotations omitted).

3. Thus, the cases and pleadings referenced in this Motion may be, and should be, considered in resolving this motion.

## IV. BRIEF SUMMARY OF FACTS

4. Defendant Tousley is the President of the corporate Defendant, Penuche's, Inc. but Plaintiff does not allege that he acted in his individual capacity. The Defendant Tousley is merely an officer in the corporate entity. The individual Defendant Todd Tousley is merely acting in the

ordinary course of business on behalf of the Corporation. The Plaintiffs' claim is based on alleged liability for corporate acts and does not provide any facts in regard to any claim involving the individual Defendant, Todd Tousley.

**V. ANALYSIS**

5. Plaintiffs' complaint fails to allege facts sufficient to state a cause of action and should be dismissed. Plaintiffs do not allege facts sufficient to show that the individual Mr. Tousley owes Plaintiffs a duty as a matter of law. Defendant Tousley cannot be held personally liable for a debt, obligation, or liability of the corporation solely by reason of being or acting as a corporate officer.

6. The controlling statute here, RSA 304-C:25 (2005), governs the liability of an entity to third-parties and provides as follows:

> Except as otherwise provided by this chapter, the debts, obligations and liabilities of a limited liability company [corporation], whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company; and no member or manager of a limited liability company [corporation] shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.

<u>See</u> RSA 304-C:25 (2005).

7. "A member of a [corporate entity] generally is not liable for torts committed by, or contractual obligations acquired by, the LLC." <u>See</u> <u>Allen v. Dackman</u>, 413 Md. 132, 991 A.2d 1216, 1228 (2010).

WHEREFORE, Todd Tousley respectfully requests that this Court:

A. Dismiss all claims against Todd Tousley individually;

B. Schedule a hearing; and

C. Grant such other relief is just and necessary.

Dated: December 18, 2025

McGRATH LAW FIRM, P.A.
Counsel for Defendants Penuche's, Inc. and
Todd Tousley

By: /s/ Peter G. McGrath
Peter G. McGrath/5564
3 North Spring Street, Suite 201
Concord, NH 03301
Phone: (603) 224-7111
Email: pmcgrath@mcgrathlawfirm.com

CERTIFICATE OF SERVICE

I certify that a copy of the within document has this day been filed upon all counsel and parties of record via ECF in accordance with US District Court Rules for the District of New Hampshire.

Griffin M. Kmon, Esq.
Ransmeier & Spellman, PC
One Capitol Street
PO Box 600
Concord, NH 03302-0600
Email: gkmon@ranspell.com

Dated: December 18, 2025

/s/ Peter G. McGrath
Peter G. McGrath